## No. 10,403.

### PLANTERS' CRESCENT OIL COMPANY VS. ASSESSOR, PARISH OF JEF-FERSON, ET ALS.

In suits to reduce or annul assessments of shares of capital stock to the shareholdert in a corporation, it is unnecessary to join the shareholders in the suit. Sec. 28 of Act 98, of 1866, constitutes the corporation the agent of the shareholders for the purposes of assessment and the payment of the tax assessed.

Evidence of the value of the shares when the shares have been withdrawn from market, may be ascertained from other sources; and when they have been exchanged for other securities, the value fixed upon them in the exchange is a proper basis for the assessment.

APPEAL from the Twenty-sixth District Court, Parish of Jefferson. *Rost*, J.

---

*Bayne, Denegre & Bayne,* for Plaintiffs and Appellants :

When the cash value of the property belonging to a corporation exceeds the value of its shares, the shares cannot be assessed.

In the absence of any fixed market value of shares of stock, the value of the shares must be fixed and determined by the cash value of its assets,·less debts due.

Defendants' brief has just been handed to us. They insist upon the exception of no cause of action.

It appears to us that the provisions of the revenue Act furnish a complete answer, and so thought the judge of the lower court.

Section 26 of Act 85, of 1888, page 122, together with article 203 of the Constitution, gives to the tax-payer the right of action to test the correctness of the assessment, and section 27 of the same act makes the corporation and not the shareholder, the tax-payer.

In every suit which has been before the courts, the corporation has been the plaintiff.

---

*Cunningham & Lyons,* for Defendants and Appellees:

Suits to reduce or annul assessments of shares of capital stock to the stockholders in a corporation must be brought by such stockholders, and not by the corporation, which has no real and actual interest therein. Sec. 28, Act 98 of 1886, p. 144;·C. P. 15; 39 Ann. 105; 37 Ann. 803; 5 R. 253; 2 N. S. 249–254; 4 N. S. 487.

Such a suit by the corporation discloses no cause of action in its favor, and cannot be maintained by it, because a judgment therein could not be successfully set up as *res judicata* against a suit for the same object brought by an individual stockholder. C. C. 2286; 9 M.

Oil Company vs. Assessor et als.

519; 5 Ann. 103; 30 Ann. 861; 1 H. 764, Nos. 13 and 14; 3 M. 483; 4 M. 464; 8 M. 155; 1 N. S. 271; 6 N. S. 292; 5 L. 474; 17 L, 273; 7 R. 15; 1 Ann. 42; 4 Ann. 87; 7 N. S. 32; 3 Ann. 529; 10 Ann. 679.

Evidence of value of the property assessed is not admissible on the trial, unless the declared object of the suit is for reduction of assessment.

Assessments of property made by sworn officers in execution of their legal duties are not to be disturbed, unless it be clearly shown that they are excessive. The assessment and the methods used in fixing its value are presumed to be correct. 35 Ann. 627; 31 Ann. 826; 38 Ann. 760.

The shares of capital stock, after deducting the *pro rata* value of property assessed to the corporation, are properly assessed to its stockholders. Sec. 28, Act 98 of 1886, p. 144.

The value of the shares of the capital stock of a corporation can be ascertained from their market value, or in any other manner. 31 Ann. 475.

When the shares of stock of a corporation have been acquired and are held and withdrawn from the market by a combination or trust controlling a number of such corporations, their value is properly ascertained from the market value of the certificates for which they were exchanged.

The opinion of the Court was delivered by

McENERY, J. The plaintiff instituted this suit to reduce the assessment upon the capital stock of the Planters Oil Company, domiciled in the Parish of Jefferson.

The plaintiff contends that the capital stock of the company is $200,-000, represented by 2000 shares of $100 each, and the property of the company in the parishes of Orleans and Jefferson exceeds this amount, so that there is nothing left to pro rate among the shares of stock, unless they are worth considerably more than $100 per share, which the company contends is the correct valuation.

The defendant filed an exception to plaintiff's petition of no cause of action, and bases the exception on the ground that the shareholders and not the corporation are the only parties in interest, and consequently are alone competent to maintain an action regarding the assessment. The exception was properly overruled. Sec. 28, of Act 98 of 1886, con-stitutes the corporation the agent of the shareholders for the purposes of assessment and the payment of the tax. The president or other officer of the corporation is required by said act to furnish the assessor a complete list of those who are borne upon the books as shareholders, and all assessed taxes against them are paid by the corporation, which is entitled to collect the amount paid from the shareholders or their transferees. The corporation as the agent of the shareholders was directly interested in seeing that the distinct and independent interest of the shareholders was properly assessed. It was therefore necessary for them to be made parties to the suit.

There was evidence offered and received over the objection of plain-

tiff to the transfer of the stock of the plaintiff company to the Ameri can Cottton Oil Trust. This evidence was introduced to show the manner in which the assessor made the assessment of stock and its valuation. For this purpose it was not irrelevent and was properly admitted.

There was judgment for the defendent; from which the plaintiff has appealed.

At the time of the transfer to the Cotton Oil Trust the capital stock of the Planters-Crescent Oil Company was divided into 5000 shares of $100 each. This was transferred at the rate of four trust certificates for ⁀ne share of the stock of the plaintiff corporation. At the least valuation these certificates were worth at the time 22½, or $450,000.

The assessor says in making the amount he took this as the basis of the value fixed by him. There were no shares of the plaintiff corporation in the market. They had been taken up and withdrawn from sale by the Oil Trust. The last quotation he saw of said shares was 120.

The only mode of arriving at the value of the stock left to the assessor was by ascertaining what the stock sold for at private sale. The company can not complain of the valuation which it fixed for its stock in exchange for the Trust certificates.

After this transfer of stock the Planters-Crescent Oil Company reduced its capital stock to $200,000, represented by 2000 shares at $100 each.

These shares the assessor valued at $225. Although the company reduced its stock and shares it does not appear that there was any curtailment of its business, or that there was less capital employed than before the reduction. There has been no decrease in the value of the shares. It is evident that the 2000 shares are equal in value to the 5000 shares transferred to the Cotton Oil Trust. By deducting the value of the property assessed to the corporation from the value of the shares assessed to the shareholders, he ascertained the value of the shares assessed to them, in accordance with section 28 of Act 98 of 1886.

There is no material variation in the amount of the assessment of the capital stock of the plaintiff company in the years 1887, 1888. There was no complaint made during those years. The present assessment for the year 1889 does not vary materially in amount from former assessments.

This assessment was before the Police Jury as a Board of Revenues. The evidence read on the trial of this case was placed before that body. The assessment was approved. The assessment of the value of the shares of the plaintiff corporation does not appear to be excessive and there is

no satisfactory proof of error in the assessment. It ought not to be disturbed, except for cogent reasons. 35 Ann. 627; 31 Ann. 826; 38 Ann. 760.

Judgment affirmed.